STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC, ss.                           DOCKET NO. AP-01-62

                                        SKS - KEN 1/30/...

LINDA LINGLEY,
ANITA INGERSOLL,
NANCY L. HINE,
CAROLYN BOURGEOIS,
and MAINE AFL-CIO,

        Plaintiffs

    v.                                  DECISION ON APPEAL

MAINE WORKERS'
COMPENSATION BOARD,
STATE OF MAINE,

        Defendant


    This matter comes before the court on the plaintiffs' complaint and petition

for review of final agency action and/or failure or refusal of agency to act pursuant

to 5 M.R.S.A. § 11001 and M.R. Civ. P. 80C. The administrative record was filed by

the Executive Director of the Workers' Compensation Board ("Board"). Briefs were

received from the plaintiffs and intervenor Maine Workers' Compensation

Coordinating Council and their attorneys also appeared at oral argument.[1]

---

1 The defendant Workers' Compensation Board did not participate in the proceeding beyond
filing the administrative record. According to a statement filed by the General Counsel for the Board,
a majority of the Board was unable to agree on a position with respect to the appeal, and therefore
could not participate. The Attorney General filed an answer essentially to protect any position the
Board chose to take but elected not to proceed any further in the absence of clear direction from the
Board.

1

Facts

The Board has the authority under 39-A M.R.S.A. § 213(4) to promulgate rules affecting the duration of benefits received by workers who suffer partial incapacity. That section provides, in relevant part:

> Effective January 1, 1998 and every January 1st thereafter, the 260-week limitation contained in subsection 1 must be extended 52 weeks for every year the Board finds that the frequency of such cases involving the payment of benefits under section 212 or 213 is no greater than the national average based on frequency from the latest unit statistical plan aggregate data for Maine and on a country-wide basis, adjusted to a unified industry mix.

In order to make the necessary statistical analysis under section 213, the Board has historically hired an actuarial firm. In 1998, the actuary recommended that an extension was not warranted. In 1999 and 2000, the actuary recommended the extension and the Board promulgated the rule extending benefits by 52 weeks. For 2001, the process started out in much the same manner as the prior years. The actuary recommended a 52-week extension, a proposed rule was drafted, a public hearing was held and comments were accepted. On April 17, 2001, a motion was made at a meeting of the Board for adoption of the proposed rule. The motion failed on a vote of 4 in favor, 0 opposed, and 3 abstentions.[2] At a subsequent special meeting of the Board one week later, a Board member again moved to extend the benefit duration period, but was ruled out of order. No further action was taken by

---

[2] Board membership is composed of four members representing management and four members representing labor. 39-A M.R.S.A. § 151(1). Board action can only be taken by majority of its membership. *Id.* § 151(5). On April 17, four labor members voted in support of an extension and three management members abstained. There was one vacancy on the Board at the time of the vote.

2

the Board and this petition for judicial review was filed on August 3, 2001.

## Discussion

A preliminary issue is whether what is transpired constitutes "final agency action" sufficient to trigger judicial review or whether it represents a "failure to act" and subject to review on that basis.[3] The appellants take the position that there was a failure to act, while the intervenor argues that the Board did act, even though the appellants disagree with the result. The court agrees with the intervenor.

The provisions of section 213(4) require that the Board consider on an annual basis the frequency of the partial incapacity cases and its relationship to the national average for such frequency. The Board could be found guilty of inaction and ordered to make such consideration if it failed to initiate the consideration process or refuse to vote on the necessary finding. Whether or not it is strictly necessary, the Board has historically chosen to make such consideration through a rule-making process beginning with a study of the issue by an actuarial consultant. In 2001, just as in 1998, 1999, and 2000, the Board retained the consultant, received the consultant's report, conducted a public rule-making proceeding, and brought the issue to vote before the Board.[4]

---

[3] The statutory definition of "final agency action" is "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." 5 M.R.S.A. § 8002(4).

[4] According to statute, "[t]he Workers' Compensation Board is established as an independent board composed of eight members" and "the board may take action only by majority vote of its membership." 39-A M.R.S.A. § 151(1) & (5). Apparently the Board itself has interpreted the voting requirement as meaning that an affirmative vote of five members of the Board is necessary before any action may be taken, regardless of how many of the eight member positions are filled or the number of

3

The petitioner argues that since the Board can only take "action" as the result of the majority vote, it follows that a failure to obtain a majority vote must be "inaction." Following this argument to its logical conclusion, the Board could never fulfill its responsibility to take action under section 213(4) unless it always extends the benefits, since anything less than such approval would be "inaction" using that definition. This logic simply does not work and clearly would be contrary to any legislative intent when enacting section 213(4). The court concludes that the Board's vote on April 17, 2001, was not inaction but rather was negative action constituting final agency action for review purposes.

This action for judicial review is brought pursuant to M.R. Civ. P. 80C and the provisions of the Administrative Procedure Act. Although the Board has chosen to use a format associated with rule-making (5 M.R.S.A. § 8051-8059), the actual product is not a rule but a finding as to the existence of the facts required by section 213(4). As such, the review is that of a final agency action and the petition must have been filed within 40 days from the date the decision was rendered. 5 M.R.S.A. § 11002(3). The 40-day period runs "from the date the decision was rendered." In the present case, the decision not to extend the benefit period was made on April 17, 2001, and the petition for review was not filed until August 21, 2001, well after the 40-day appeal period. The appellate time periods of the Administrative Procedure Act are mandatory and jurisdictional, and cannot be waived by a court. *Brown v. State, Dep't of Manpower Affairs*, 426 A.2d 480, 488 (Me. 1981).

---

members present and voting. No contrary interpretation of "majority vote of its membership" is offered, and it is within the Board's authority to interpret its own procedures.

4

In summary, the court finds and concludes that the Board's action in its review of the factual predicate for section 213(4) and its vote thereon was "action" rather than "inaction." Further, this action constituted "final agency action" and the vote taken on April 17, 2001, triggered the running of the 40-day judicial review period. Thus, the present petition was not timely filed and must be dismissed. The entry will be:

Petition DISMISSED.

Dated: January 30, 2002

S. Kirk Studstrup
Justice, Superior Court

5

Date Filed __8/21/01__ ___Kennebec___ Docket No. __AP01-62__
                          County

Action ___Petition for Review___
                    80C

# J. STUDSTRUP

Linda Lingley, et als          VS.    Maine Workers' Compensation Board

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| James G. Fongemie, Esq.<br>4 Union Park<br>PO Box 5000<br>Topsham, Maine 04086<br><br>James Case, Esq.<br>P.O. Box 5000<br>Topsham Maine 04086-5000 | Paul Stern, AAG<br>6 State House Station<br>Augusta ME 04333-0006<br>— John C. Rohde, Esq.<br>27 State House Station<br>Augusta, Maine 04333-0027<br>— Kevin Gillis, Esq. (Worker's Comp)<br>PO Box 9711<br>Portland Maine 04104 |

| Date of Entry | |
|---|---|
| 8/28/01 | Complaint and Petition for Review of Final Agency Action and/or Failure or Refusal of Agency to Act, filed. s/Fongemie, Esq. (filed 8/21/01) |
| 9/6/01 | State's Motion for Extension of Time with Proposed Order, filed. s/P. Stern, AAG. |
| 9/10/01 | ORDER ON MOTION FOR EXTENSION, Atwood, J. (dated 9/7/01)<br>Petition is extended by two weeks, from September 10, 2001 to September 24, 2001.<br>Copies mailed to attys of record. |
| ------- | Letter regarding representation of the board, filed. s/Rohde, Esq. |
| 9/11/01 | Letter indicating no objection to Attorney General's Motion for Extension of Time, filed. s/J. Fongemie, Esq. |
| 9/19/01 | Administrative Record, filed. s/Rohde, Esq. |
| 9/19/01 | Notice and Briefing Schedule mailed to counsel of record. |
| 9/24/01 | Statement of Respondent, Maine Workers' Compensation Board, Pursuant to 5 M.R.S.A. §11005, filed. s/J. Rohde, Esq. |
| 9/24/01 | Answer, filed. s/P. Stern, AAG |
| 9/26/01 | Motion to Intervene, filed. s/Gillis, Esq.<br>Memorandum of Law in Support of Motion to Intervene Pursuant to Rule 24, M.R.C.P., filed. s/Gillis, Esq.<br>Affidavit of Kevin M. Gillis, Esq., filed.<br>Proposed Order, filed. |
| 9/27/01 | Letter from attorney Stern indicating no objection to motion to intervene. |
| 10/4/01 | ORDER ON MOTION TO INTERVENE, Studstrup, J. (dated 10/1/01)<br>Copies mailed to attys of record. |
| 10/29/01 | Plaintiffs' Brief in Support of Complaint and Petition for Review of Final Agency Action and/or Failure or Refusal of Agency to Act, filed. (attached exhibits A-H) |